# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE M. RANKINE; LAWRENCE S. STANTON,<br><br>                          Plaintiffs,<br><br>v.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC.; DOES 1 THROUGH 10, inclusive,<br><br>                          Defendants.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC.,<br><br>                          Counter Claimant,<br><br>v.<br><br>JOYCE M. RANKINE; LAWRENCE S. STANTON,<br><br>                          Counter Defendants. | CASE NO. 12-CV-2065-IEG (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM [Doc. No. 13];**<br><br>**(2) DENYING AS MOOT PLAINTIFFS' MOTION FOR A MORE DEFINITE STATEMENT [Doc. No. 13];**<br><br>**AND**<br><br>**(3) DENYING AS MOOT PLAINTIFFS' EX PARTE MOTION FOR ORDER PERMITTING ADDITIONAL BRIEFING [Doc. No. 37].** |

Presently before the Court are the motions of Plaintiffs Joyce Rankine ("Rankine") and

1 Lawrence Stanton ("Stanton") (together "Plaintiffs") to dismiss the counterclaims of Defendant
2 Roller Bearing Company of America ("Defendant") for failure to state a claim, and for a more
3 definite statement. [Doc. No. 13, <u>Pl.'s Mot.</u>]  Also before the Court is Plaintiffs' ex parte motion
4 for an order permitting additional briefing. [Doc. No. 37, <u>Pl.'s Ex Parte Mot.</u>]  For the following
5 reasons, the Court **GRANTS** Plaintiffs' motion to dismiss, and **DENIES AS MOOT** Plaintiffs'
6 motion for a more definite statement and ex parte motion for an order permitting additional
7 briefing.

## BACKGROUND

On July 20, 2012, Plaintiffs filed a complaint in state court against Defendant and unnamed defendants. [Doc. No. 1-1, <u>Compl.</u>]  Defendant removed the action to this Court on August 22, 2012. [Doc. No. 1, <u>Notice of Removal</u>.]  The complaint alleges two causes of action:  (1) breach of contract of the Rankine Note and (2) breach of contract of the Stanton Note. [Doc. No. 1-1, <u>Compl.</u>]  On September 4, 2012, Defendant filed its answer to the complaint, which asserts forty-five affirmative defenses.  It also filed counterclaims against Plaintiffs. [Doc. No. 4, <u>Answer</u>; Doc. No. 5, <u>Counterclaims</u>.]

In its counterclaims, Defendant alleges the following facts.  Plaintiffs Rankine and Stanton, in addition to Baxter Rankine (now deceased), entered into a stock purchase agreement ("Agreement") with Defendant to sell their outstanding shares of capital stock in All Power Manufacturing, Inc. ("All Power") in September 2006. [Doc. No. 5, <u>Counterclaims</u> ¶ 11; Ex. A, Agreement.]  The parties executed two Non-Negotiable Promissory Notes in connection with the Agreement—one Note in favor of Rankine ("Rankine Note")[1] and one in favor or Stanton ("Stanton Note") (together "Notes"). [<u>Id.</u> ¶¶ 15, 20; Ex. B, Rankine Note; Ex. D, Stanton Note.]  The principal amount of the Rankine Note is $600,000, plus interest.  The principal amount of the Stanton Note is $150,000, plus interest. [<u>Id.</u>]  Both Notes were originally payable in full on September 12, 2007. [<u>Id.</u>]

Defendant alleges that Paragraphs 1.3 of both the Rankine and Stanton Notes give

---

[1] Plaintiffs in their complaint explain that after the Rankine Note was executed, Plaintiff Rankine's husband, Baxter Rankine, passed away and she became the successor-in-interest to his right to payment under the Rankine Note. [Doc. No. 1-1, <u>Compl.</u> ¶ 9.]

Defendant the right to set off amounts coming due under the Notes against damages Defendant sustained as a result of any breach of representation or warranty by Plaintiffs in the Stock Purchase Agreement. [Doc. No. 5, Counterclaims ¶¶ 14, 16, 22; Ex. B, Rankine Note; Ex. D, Stanton Note.]

On or about August 11, 2009, Plaintiffs each executed an Amendment to Non-Negotiable Promissory Note ("Rankine Amendment" and "Stanton Amendment") to their respective Notes with Defendant. Each amendment made two changes to their respective Notes: (1) it amended Paragraph 1.1 to read "The principal amount of this Note, and all accrued and unpaid interest thereon, shall be due and payable on June 30, 2012;" and (2) it limited the right of set-off unless, prior to June 30, 2012, Defendant received a communication from the Mexican taxing authority stating that a tax was due. [Id. ¶¶ 18, 23; Ex. C, Amendment to Rankine Note; Ex. E, Amendment to Stanton Note.] Defendant alleges that the amendments were made to eliminate a dispute between the parties regarding potential Mexico income taxes, and that the amendments "provide[] a limitation on the Mexico tax set-off." [Id. ¶¶ 18, 23.]

Defendant further alleges that contrary to the Stock Purchase Agreement, Plaintiffs did not provide Defendant with all of the intellectual property assets that are necessary for the operation of All Power. [Id. ¶¶ 12, 26.] Defendant also alleges that before the Stock Purchase Agreement closed on September 12, 2006, Mary Alvarado and some "Key Employees," defined in the Stock Purchase Agreement to include Baxter Rankine, Charles Sharp, Tom Blanch, David McCulloch, David Rankine, and Jeffrey Rindskopf, misappropriated, used, disclosed, and obtained by improper means All Power's trade secret information, including its intellectual property assets. [Id. ¶¶ 34-35.] Defendant also alleges that these individuals divulged All Power's confidential and proprietary business information to third parties without All Power's consent. [Doc. No. 5, Counterclaim ¶¶ 34-35.] Defendant imputes knowledge of this alleged wrongdoing to Plaintiffs Rankine and Stanton and alleges that Plaintiffs did not disclose this information to Defendant. [Id. ¶¶ 36-37.]

Defendant's counterclaims allege the following causes of action: (1) breach of written contract; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) common law fraud in connection with the sale and purchase of securities; (5) breach of the implied covenant of good

faith and fair dealing; (6) contractual indemnity; (7) equitable indemnity; (8) rescission of contract; and (9) declaratory relief. [Doc. No. 5, Counterclaims.]

On September 25, 2012, Plaintiffs filed the present motion to dismiss all of Defendant's counterclaims. [Doc. No. 13.] On December 11, 2012, Plaintiffs filed an ex parte motion for an order permitted additional briefing on Plaintiffs' motion to dismiss Defendant's counterclaims. [Doc. No. 37.]

**DISCUSSION**

**I.     Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 1949 (quoting Twombly, 550 U.S. at 678).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen.

1  Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).

2      Further, a court generally may not consider materials beyond the pleadings when ruling on
3  a Rule 12(b)(6) motion. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).  However,
4  a court "may take judicial notice of matters of public record . . . as long as the facts noticed are not
5  subject to reasonable dispute." Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9
6  (9th Cir. 2012).

7      As a general rule, a court freely grants leave to amend a complaint which has been
8  dismissed. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court
9  determines that the allegation of other facts consistent with the challenged pleading could not
10 possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393,
11 1401 (9th Cir. 1986).

12     Plaintiffs move to dismiss Defendant's counterclaims on several different grounds:  (1) the
13 fraud claims are impermissibly vague; (2) the counterclaims are time barred; (3) Defendant is
14 contractually barred from making any claims of set-off; and (4) the counterclaims are inconsistent
15 with Defendant's complaint in another pending action. [Doc. No. 13-1, Pl.'s Mot. at 5-9.]

16     **A.**    **Heightened Pleading for Fraud Claims**

17     Plaintiffs argue that Defendant's second, third, and fourth causes of action, respectively for
18 intentional misrepresentation, negligent misrepresentation, and common law fraud in connection
19 with the sale and purchase of securities, should be dismissed for failing to meet the particularity
20 requirements of Rule 9(b). [Doc. No. 13-1, Pl.'s Mot. at 8-9.]

21     "In alleging fraud . . ., a party must state with particularity the circumstances constituting
22 fraud . . . ." Fed. R. Civ. P. 9(b).  A complaint meets this standard if it alleges "the time, place,
23 and specific content of the false representations as well as the parties to the misrepresentations."
24 Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citing Edwards v. Marin Park, Inc., 356
25 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted)). "Averments of fraud must be accompanied by
26 the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp.
27 USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).  "A pleading is sufficient
28 under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can

prepare an adequate answer from the allegations." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Intentional misrepresentation, negligent misrepresentation, and common law fraud are subject to the heightened pleading standards of Rule 9(b), which Defendant does not dispute. Das v. WMC Mortg. Corp., 831 F.Supp.2d 1147, 1166 (N.D. Cal. 2011) (finding that intentional misrepresentation and negligent misrepresentation are subject to heightened pleading requirements pursuant to Rule 9(b)); Black & Veatch Corp. v. Modesto Irrigation Dist., 827 F.Supp.2d 1130, 1146 (finding that claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements); Neilson v. Union Bank of California, N.A., 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) (finding that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements); but see Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 416-18 (C.D. Cal. 2012) (finding that Rule 9(b) does not apply to negligent misrepresentation claims).

Plaintiffs concede that Defendant has alleged "the 'who' and 'when,'" but argues that Defendant "fail[s] to identify the 'what[,]' 'where' and 'how.'" [Doc. No. 13-1, Pl.'s Mot. at 9.] More specifically, Plaintiffs argue that Defendant does not allege facts regarding: "(1) what specific trade secrets are at issue; (2) how they were misappropriated, used, disclosed, and improperly obtained; (3) what specific confidential and proprietary business information is at issue; (4) to whom it was disclosed; or (5) what the alleged wrongdoers specifically said or did and why it was unlawful." [Id.]

The Court finds that Defendant has not alleged the specific content of the intentional misrepresentations, the negligent misrepresentations, and the common law fraud. Defendant alleges that Plaintiffs had knowledge that the Key Employees "divulg[ed] [All Power]'s confidential and proprietary business information to third persons without the company's consent." [Id. ¶¶ 50, 61.] Defendant also alleges that the "Disclosure Schedule lists several intellectual property assets that are in fact necessary for the operation of [All Power]'s business as it is currently conducted, but which [Plaintiffs] did not provide to [Defendant]." [Id. ¶¶ 52, 65; see also ¶ 26.] However, Defendant fails to identify which specific confidential and proprietary business

information was divulged to third parties, which specific intellectual property assets were excluded, and which were not provided to Defendant.

Accordingly, the Court **GRANTS** Plaintiffs' motion to dismiss as to Defendant's second, third, and fourth causes of action for failure to meet the heightened pleading requirements of Rule 9(b). Plaintiffs' second, third, and fourth causes of action are **DISMISSED** without prejudice.

### B.     Statute of Limitations

Plaintiffs argue that "[Defendant]'s claims are stale and [that] it cannot rely on the delayed discovery pleaded in the Counterclaim." [Doc. No. 13-1, Pl.'s Mot. at 5.] Defendant argues that the discovery rule is applicable to the present case, and that it only discovered that Plaintiffs breached the Agreement and Notes in June 2012. [Doc. No. 31, Def.'s Opp. at 4-5; Doc. No. 5, Counterclaims ¶ 45.]

"A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations. Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations." Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir. 2011) (internal citation omitted). Under California law, breach of contract claims are subject to a four year statute of limitations. Cal. Code. Civ. Proc. § 337.[2] The statute of limitations for the breach of the implied covenant of good faith and fair dealing is also four years if the action is based on contract theory. Archdale v. Am. Intern. Specialty Lines Ins. Co., 154 Cal. App. 4th 449, 468-69, 473-74 (2007); Frazier v. Metropolitan Life Ins. Co., 169 Cal. App. 3d 90, 102-03 (1985). Defendant alleges that Plaintiffs breached their the Agreement and Notes prior to the closing of the Agreement in 2006. [See, e.g., Doc. No. 5, Counterclaims ¶¶ 12, 26, 34, 35.]

In "ordinary tort and contract actions, the statute of limitations . . . begins to run upon the occurrence of the last element essential to the cause of action. The plaintiff's ignorance of the cause of action . . . does not toll the statute." April Enters., Inc. v. KTTV, 147 Cal. App. 3d 805, 826 (1983) (quoting Neel v. Magana, Oleny, Levy, Cathcart & Gelfand, 6 Cal. 3d 176, 187 (1971)). "An exception to the general rule for defining the accrual of a cause of action . . . is the

---

[2] The Court does not address Defendant's second, third, and fourth causes of action as the Court dismisses those for failure to meet the heightened pleading requirements of Rule 9(b).

discovery rule." E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1318 (2007).

A "cause of action under the discovery rule accrues when the plaintiff discovers or should have discovered all facts essential to his cause of action . . .; this has been interpreted under the discovery rule to be when 'plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence.'" April Enters., 147 Cal. App. 3d at 826 (quoting Leaf v. City of San Mateo, 104 Cal. App. 3d 398, 406 (1980)). To avail itself of the discovery rule, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." E-Fab, Inc., 153 Cal. App. 4th at 1324. "The first prong requires plaintiffs to allege facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely. The purpose of this requirement is to afford the court a means of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before." Id.

The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand" a motion to dismiss. E-Fab, Inc., 153 Cal. App. 4th at 1319, 1324. California trial courts determine whether belated discovery has been properly pleaded on demurrer. See, e.g., id. at 1320. Once properly pleaded, however, "belated discovery is a question of fact." Id. Therefore, it is proper for this Court to determine whether Defendant has properly pleaded belated discovery.

In the instant case, Defendant alleges that "[i]n or about June 2012, [it] discovered that [Plaintiffs] breached with Knowledge the Agreement and Notes" and "alleges on information and belief that [Plaintiffs] continue to breach with Knowledge the terms and conditions of the Agreement and Notes described herein." [Doc. No. 5, Counterclaims ¶ 45.]

Defendant's conclusory allegations fail to meet the requirements of the discovery rule. Defendant fails to meet the first pleading requirement for the application of the discovery rule because it fails to specifically describe the circumstances of discovery of its claims against Plaintiffs. Defendant also fails to allege facts explaining its inability to have made earlier discovery despite reasonable diligence. See E-Fab, Inc., 153 Cal. App. 4th at 1324-25.

1  Accordingly, because Defendant filed its claims after the statute of limitations had run, and
2  because Defendant is unable to avail itself of the discovery rule, the Court **DISMISSES** without
3  prejudice Defendant's remaining claims.

4  Because the Court has dismissed all of Defendant's counterclaims, the Court declines to
5  address the remaining two grounds in Plaintiffs' motion to dismiss.[3]

6
7  **II.     Motion for More Definite Statement and Ex Parte Motion for Order Permitting Additional Briefing**

8  Because the Court dismisses all of Defendant's counterclaims without prejudice and with
9  leave to amend, the Court **DENIES** as moot Plaintiffs' motion for a more definite statement and ex
10  parte motion for an order permitting additional briefing.

11  **CONCLUSION**

12  For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to dismiss and
13  **DISMISSES** without prejudice all of Defendant's counterclaims. The Court **DENIES** as moot
14  Plaintiffs' motion for a more definite statement and ex parte motion for an order permitting
15  additional briefing. Defendant is **GRANTED** twenty-one (21) days from the date this Order is
16  filed to file First Amended Counterclaims addressing the deficiencies of the pleading set forth
17  above.

18  **IT IS SO ORDERED.**
19  **DATED:** January 2, 2013
20  **IRMA E. GONZALEZ**
    **United States District Judge**

---

[3] Because the Court does not address Plaintiffs' argument that Defendant's counterclaims are inconsistent with its complaint in another pending action, the Court **DENIES AS MOOT** Plaintiffs' requests that the Court take judicial notice of Defendant's Complaint, First Amended Complaint, and Second Amended Complaint in the other pending action, in addition to the Business Entity Detail for Caliber Aero, LLC. [Doc. Nos. 13-2, 33, 36.]