UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE M. RANKINE, an individual; and LAWRENCE S. STANTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC., et al.<br><br>Defendants. | Case No. 12cv2065-IEG (BLM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES Nos. 3, 4, 6 and 9**<br><br>[ECF No. 57] |

On March 13, 2013, Plaintiffs filed a motion to compel further discovery responses from Defendants. ECF No. 57 ("MTC"). Plaintiffs also request that the Court award attorney fees for the cost of bringing this motion. Id. Defendants filed an opposition on March 22, 2013. ECF No. 58 ("Opp."). Plaintiffs filed a reply and an unopposed ex parte application to file documents under seal on March 27, 2013, and the Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). ECF Nos. 59 and 60. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion to compel and request to recover fees and costs.

**FACTUAL & PROCEDURAL BACKGROUND**

Baxter Rankine and Plaintiff Lawrence Stanton were the sole owners and shareholders of All Power Manufacturing, Inc. ("APM"), a manufacturer of aerospace

bushings. On September 12, 2006, they sold all of their outstanding shares of APM to Defendant Roller Bearing Company of America, Inc. ("RBC"). ECF No. 58 at 3-4. As part of a Stock Purchase Agreement in connection with the sale, RBC executed two promissory notes - one in favor of Baxter Rankine, and one in favor of Lawrence Stanton. Id. Both notes were payable in full on September 12, 2007. Id. Shortly after the promissory notes were executed, Baxter Rankine died, and his wife, Plaintiff Joyce Rankine, became the successor-in-interest to his right to payment under his note. ECF No. 1-1 at 4, Exh. A.

Defendant did not fulfill the payments due under either note by September 12, 2007. Instead, two days before the notes became due, Defendant exercised its right of set-off, claiming that it became exposed to Mexican income taxes. Id. at 5. Plaintiffs disputed that any taxes were owed. On August 11, 2009, the parties executed amendments to both notes - extending the date for payment to June 30, 2012, and limiting Defendant's right of set-off. Id. Plaintiffs allege that Defendant did not make any payments due under either note. Id.

On July 20, 2012, Plaintiffs filed a complaint in state court against RBC and unnamed Defendants. On August 22, 2012, Defendant RBC removed the lawsuit to this Court. ECF No. 1. Plaintiffs' complaint alleges two causes of action for breach of contract relating to Defendant's failure to fulfill its obligations under both promissory notes. Id.

On September 4, 2012, Defendant RBC filed an answer denying the allegations. ECF No. 4. RBC also filed a counterclaim asserting nine causes of action against Plaintiffs, which are the subject of the instant discovery dispute. ECF Nos. 4 and 5. Specifically, RBC alleges that prior to the execution of the Stock Purchase Agreement, key APM employees misappropriated and divulged to third parties APM's trade secret information, and then formed a competing business which later became known as Caliber Aero, LLC. ECF No. 5. RBC further alleges that Plaintiffs failed to provide RBC with all of the intellectual property assets necessary to operate APM. Id.

On November 28, 2012, Plaintiffs propounded a first set of special interrogatories on RBC "to determine what facts exist, if any, to support RBC's counterclaims." ECF No.

57 at 7. RBC served its initial responses on January 11, 2013. Plaintiffs complained that RBC's responses were "unverified and, with one exception, consist entirely of objections." Id. at 8. After numerous meet and confer efforts, RBC served two sets of supplemental responses on Plaintiffs. Id.

On March 11, 2013, counsel for both sides contacted the Court's clerk to discuss the instant discovery dispute which was not resolved by RBC's supplemental responses. ECF No. 55. In regard to the dispute, the Court found it appropriate to set a briefing schedule. Id. In accordance with the briefing schedule, on March 13, 2013, Plaintiffs filed a discovery motion seeking a determination of the sufficiency of RBC's responses to Plaintiffs' first set of Special Interrogatories Nos. 3 through 9, and the recovery of the costs and fees incurred by Plaintiffs in bringing this motion. ECF No. 57. On March 21, 2013, RBC served a third set of supplemental responses to Special Interrogatories Nos. 3 through 9 on Plaintiffs; and on March 22, 2013, RBC filed a timely opposition to Plaintiffs' discovery motion. ECF No. 58-1, Decl. Annie Ventocilla. In its opposition, RBC argues that in light of its third set of supplemental responses, Plaintiffs' discovery motion is moot. ECF No. 58. Plaintiffs filed a reply on March 27, 2013, and contend that its motion is still necessary with respect to Special Interrogatories Nos. 3, 4, 6, and 9. ECF No. 60.

## LEGAL STANDARD

The scope of discovery is defined by Rule 26(b), which permits litigants to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). In the discovery context, relevant information includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial. Id. Therefore, "[t]he scope of discovery under the Federal Rules is extremely broad," and "[a] relevant matter is 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). Trial courts enjoy broad discretion to determine relevancy for discovery purposes, see Hallett v. Morgan, 296

F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

A party may serve interrogatories that relate to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a). "The grounds for objecting to an interrogatory must be stated with specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b). The party answering the interrogatories "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## DISCUSSION

Plaintiffs generally contend that RBC's responses to Special Interrogatories Nos. 3, 4, 6 and 9 are incomplete. ECF No. 60. Defendant RBC argues that because it has substantially complied with the interrogatories at issue in its third set of supplemental responses, Plaintiffs' discovery motion should be denied as moot. ECF No. 58. Defendant further contends that Plaintiffs' request for fees and costs is unjust. Id.

A.  Interrogatories Nos. 3 and 6

Interrogatory No. 3 requests that RBC "describe with particularity each trade secret that [] was misappropriated, used, disclosed, and obtained by improper means by David McCulloch, David Rankine, Jeffrey Rindskopf, Charles Sharp, and/or Mary Alvarado." ECF No. 57, Exh. 10 at 5. Similarly, Interrogatory No. 6 requests that RBC "describe with

particularity all confidential and proprietary business information that [] was divulged to third persons without [RBC's] consent by David McCulloch, David Rankine, Jeffrey Rindskopf, Charles Sharp, and/or Mary Alvarado." Id. at 10.  In response to both interrogatories, Defendant identified seven trade secrets which it alleges were misappropriated and divulged to third parties by the identified individuals and Plaintiffs.[1] ECF No. 60, Exh. 11 at 3 (filed under seal).  Plaintiffs complain that RBC's responses "continue[] to identify categories of trade secrets rather than the specific trade secrets themselves." ECF No. 60 at 2 (emphasis in original). In its opposition, Defendant alleges that it has identified the trade secrets requested by Plaintiffs, and that its responses "include[] specific facts describing the trade secrets." ECF No. 58 at 10.

After carefully reviewing all of RBC's responses to Interrogatories Nos. 3 and 6, the Court finds that Defendant's responses are sufficient under Fed. R. Civ. P. 33.  In its third set of supplemental responses to Interrogatories Nos. 3 and 6, RBC not only identified the trade secrets which it alleges were misappropriated and divulged to third parties by Plaintiffs and other key APM employees, RBC provided detailed descriptions demonstrating the function of each trade secret and how each trade secret contributes to RBC's competitive advantage in its industry.  Accordingly, this Court finds that RBC identified each trade secret with reasonable particularity[2] and **DENIES** Plaintiffs' motion to compel further responses to Interrogatories Nos. 3 and 6.

/ / /

---

[1] Defendant has identified as confidential the information set forth in the third supplemental interrogatory response so the Court is not discussing in detail the information set forth in that document. However, the Court has reviewed the responses and finds that while some of them do describe categories of trade secrets, they do so with sufficient particularity, description, and explanation to adequately inform Plaintiffs which trade secrets are at issue in this case.

[2] In its reply, Plaintiff cites Computer Econ., Inc. v. Gartner Group, Inc., 50 F.Supp.2d 980 (S.D. Cal. 1999) for the proposition that a party claiming misappropriation of trade secrets must disclose the specific trade secrets at issue, rather than merely disclosing categories of trade secrets. ECF No. 60 at 3. In that case, however, the Court observed that under the Uniform Trade Secrets Act, Cal. Civ. Code Section 3426 et seq., "the party alleging the misappropriation shall identify the trade secret with reasonable particularity." Computer Econ., Inc., 50 F.Supp.2d at 984. In this case, as explained in above, RBC listed the trade secrets it alleges are relevant to its counterclaims, and provided a detailed description for each trade secret. Moreover, Plaintiffs fail to establish that RBC's response falls short of the "reasonable particularity" standard set forth in California's Uniform Trade Secrets Act.

B.  Interrogatory No. 4

Interrogatory 4 requests that RBC describe how each trade secret was misappropriated. ECF No. 57, Exh. 10 at 6. In response, RBC explained that prior to its purchase of APM, Plaintiffs represented that APM "owned all the intellectual property necessary to market and produce quantities of bushings for customers on a series/family scale, and that said intellectual property would be transferred to RBC completely free of any encumbrances." Id. at 7; ECF No. 60, Exh. 11 at 15 (filed under seal). RBC further explained that prior to its purchase of APM, it believes Plaintiffs and other key APM employees misappropriated the seven trade secrets identified in Interrogatories Nos. 3 and 6 to "set up and develop a business that directly competes against RBC and [APM]." Id. Plaintiffs complain that Defendant's response does not identify specific misconduct that occurred prior to September 12, 2006, when the Stock Purchase Agreement was executed. ECF No. 60 at 2. Defendant contends that it has substantially complied with Interrogatory No. 4, and that since it has yet to take the depositions of the key employees identified in its counterclaims, "RBC can only provide responses based on information available to it at the time." ECF No. 58 at 8.

This Court finds that RBC's response to Interrogatory No. 4 is sufficient. Although Plaintiffs complain that RBC's response does not identify specific misconduct that occurred prior to the execution of the Stock Purchase Agreement on September 12, 2006, RBC provided a detailed response indicating that it believes key APM employees misappropriated APM's trade secrets prior to the sale of the company in September, 2006, and use the secrets to set up a competing a business which later became known as Caliber Aero, LLC.[3] Moreover, as RBC stated in its response, since it is still in the process of discovering information relevant to its counterclaims, its response contains all of the information available to RBC at this time pursuant to Fed. R. Civ. P. 33(b)(1)(B). Accordingly, the Court **DENIES** Plaintiffs' motion to compel a further response to Interrogatory No. 4.

---

[3] As discussed in Footnote 1, the Court is not repeating the specific information set forth in the sealed interrogatory responses. However, the responses do contain significant detail and explanation.

C.     Interrogatory No. 9

Interrogatory 9 requests that RBC "state with particularity all facts that support [RBC's] contention that Plaintiffs breached the parties' Stock Purchase Agreement." No. 57, Exh. 10 at 14.  In response, RBC explained that it believes "Plaintiffs failed to disclose that they possessed $98,451 worth of inventory that was not useable or saleable at [c]losing, and further failed to disclose that [APM] had significant potential tax liabilities," and that these failures constituted material breaches of the Stock Purchase Agreement. Id.; ECF No. 60, Exh. 11 at 15 (filed under seal).  RBC further explained in its response that it believes Plaintiffs' misappropriation of the seven identified trade secrets constitutes a material breach of the Stock Purchase Agreement. Id.  Plaintiffs complain that RBC's response fails to specify why the "$98,451 worth of inventory" was not saleable or useable, and that all of the conduct described in RBC's response occurred after September 12, 2006, when the Stock Purchase Agreement was executed.  ECF No. 60 at 5.

This Court finds that RBC's response to Interrogatory No. 9 is sufficient.  RBC provided a seven page response detailing specific breaches of the Stock Purchase Agreement.  As discussed above, all of RBC's responses, including this one, indicate that prior to September 12, 2006, Plaintiffs and other key APM employees misappropriated trade secrets and used that information to set up a business which directly competes with RBC. RBC's responses to this interrogatory provide significant detail and facts in support of its contention.  To the extent Plaintiffs want to obtain additional specific information, such as exploring why an inventory item was not useable or saleable, they may do so during an appropriate deposition or in a new interrogatory.  Moreover, as acknowledged by Defendant, Defendant has an ongoing duty to supplement this response, if necessary. Fed. R. Civ. P. 26(e)(1).  Accordingly, the Court **DENIES** Plaintiffs' motion to compel a further response to Interrogatory No. 9.

D.     Request for Fees and Costs

Plaintiffs' motion to compel has been denied, and, therefore, Plaintiffs' request for fees and costs incurred in preparing the motion to compel and reply also is **DENIED**.  Rule

37 states that when a motion to compel is denied, the court "must, . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Here, the Court finds that Plaintiffs' motion does not merit the imposition of sanctions.

**IT IS SO ORDERED.**

DATED: April 5, 2013

_____
BARBARA L. MAJOR
United States Magistrate Judge