# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE M. RANKINE; LAWRENCE S. STANTON,<br><br>    Plaintiffs,<br><br>v.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC.; DOES 1 THROUGH 10, inclusive,<br><br>    Defendants. | CASE NO. 12-CV-2065-IEG (BLM)<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM FOR FAILURE TO STATE A CLAIM [Doc. No. 43]** |
| ROLLER BEARING COMPANY OF AMERICA, INC.,<br><br>    Counter Claimant,<br><br>v.<br><br>JOYCE M. RANKINE; LAWRENCE S. STANTON,<br><br>    Counter Defendants. | |

Presently before the Court is the motion of Plaintiffs Joyce Rankine ("Rankine") and Lawrence Stanton ("Stanton") (collectively "Plaintiffs") to dismiss the first amended counterclaim of Defendant Roller Bearing Company of America ("Defendant") for failure to state a claim. [Doc. No. 43, Pl.'s Mot.] For the following reasons, the Court **DENIES** Plaintiffs' motion to dismiss.

## BACKGROUND

On July 20, 2012, Plaintiffs filed a complaint in state court against Defendant and unnamed defendants. [Doc. No. 1-1, Compl.] Defendant removed the action to this Court on August 22, 2012. [Doc. No. 1, Notice of Removal.] The complaint alleges two causes of action: (1) breach of contract of the Rankine Note and (2) breach of contract of the Stanton Note. [Doc. No. 1-1, Compl.] On September 4, 2012, Defendant filed its answer to the complaint, which asserts forty-five affirmative defenses. [Doc. No. 4, Answer.] It also filed counterclaims against Plaintiffs. [Doc. No. 5, Counterclaims.] This Court previously dismissed the counterclaims on January 2, 2013. [Doc. No. 39.]

Defendant subsequently filed its first amended counterclaim ("FACC"). In its FACC, Defendant alleges the following facts. Plaintiffs Rankine and Stanton, in addition to Baxter Rankine (now deceased), entered into a stock purchase agreement ("Agreement" or "Stock Purchase Agreement") with Defendant to sell their outstanding shares of capital stock in All Power Manufacturing, Inc. ("All Power") in September 2006. [Doc. No. 5, FACC ¶ 10; Ex. A, Agreement.] The parties executed two Non-Negotiable Promissory Notes in connection with the Agreement—one Note in favor of Rankine ("Rankine Note")[1] and one in favor or Stanton ("Stanton Note") (collectively "Notes"). [Id. ¶¶ 19, 24; Ex. B, Rankine Note; Ex. D, Stanton Note.] The principal amount of the Rankine Note is $600,000, plus interest. [Id. ¶ 19.] The principal amount of the Stanton Note is $150,000, plus interest. [Id. ¶ 24.] Both Notes were originally payable in full on September 12, 2007. [Id. ¶¶ 19, 24.]

Defendant alleges that Paragraphs 1.3 of both the Rankine and Stanton Notes give Defendant the right to set off amounts coming due under the Notes against damages Defendant sustained as a result of any breach of representation or warranty

---

[1] Plaintiffs in their complaint explain that after the Rankine Note was executed, Plaintiff Rankine's husband, Baxter Rankine, passed away and she became the successor-in-interest to his right to payment under the Rankine Note. [Doc. No. 1-1, Compl. ¶ 9.]

by Plaintiffs in the Stock Purchase Agreement.  [Id. ¶¶ 18, 20, 25; Ex. B, Rankine Note; Ex. D, Stanton Note.]

On or about August 11, 2009, Plaintiffs each executed an Amendment to Non-Negotiable Promissory Note ("Rankine Amendment" and "Stanton Amendment") to their respective Notes with Defendant.  Each amendment made two changes to their respective Notes:  (1) it amended Paragraph 1.1 to read "The principal amount of this Note, and all accrued and unpaid interest thereon, shall be due and payable on June 30, 2012;" and (2) it limited the right of set-off unless, prior to June 30, 2012, Defendant received a communication from the Mexican taxing authority stating that a tax was due.  [Id. ¶¶ 22, 27; Ex. C, Amendment to Rankine Note; Ex. E, Amendment to Stanton Note.]  Defendant alleges that the amendments were made to eliminate a dispute between the parties regarding potential Mexico income taxes, and that the amendments "provide[] a limitation on the Mexico tax set-off."  [Id. ¶¶ 22, 27.]

Defendant further alleges that contrary to the Stock Purchase Agreement, Plaintiffs did not provide Defendant with all of the intellectual property assets that are necessary for the operation of All Power.  [Id. ¶ 16.]  Defendant also alleges that before the Stock Purchase Agreement closed on September 12, 2006, Mary Alvarado and some "Key Employees," defined in the Stock Purchase Agreement to include Baxter Rankine, Charles Sharp, Tom Blanch, David McCulloch, David Rankine, and Jeffrey Rindskopf, misappropriated, used, disclosed, and obtained by improper means All Power's trade secret information, including its intellectual property assets.  [Id. ¶¶ 38-39.]  Defendant also alleges that these individuals divulged All Power's confidential and proprietary business information to third parties without All Power's consent. [Id.]  Defendant imputes knowledge of this alleged wrongdoing to Plaintiffs Rankine and Stanton and alleges that Plaintiffs did not disclose this information to Defendant.  [Id. ¶¶ 40-41.]

Defendant's FACC alleges the following causes of action:  (1) breach of

written contract; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) common law fraud in connection with the sale and purchase of securities; (5) breach of the implied covenant of good faith and fair dealing; (6) contractual indemnity; (7) equitable indemnity; (8) rescission of contract; and (9) declaratory relief.  [Doc. No. 42, FACC.]  Plaintiffs subsequently filed the present motion to dismiss.  [Doc. No. 43.]

## DISCUSSION

### I. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 1949 (quoting Twombly, 550 U.S. at 678).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in original).  A court need

- 4 -

12cv2065

not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Further, a court generally may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003). However, a court "may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute." Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

Plaintiffs move to dismiss Defendant's counterclaims on two grounds: (1) Plaintiffs are "innocent" because the alleged misconduct of the Key Employees took place after the closing date of the underlying transaction; and (2) Defendant is contractually barred from making any claims of set-off. [Doc. No. 43-1, Pl.'s Mot.]

### A.     Plaintiffs Are Innocent of Alleged Misconduct

Plaintiffs first contend that they are innocent of the alleged misconduct, which they believe is misappropriation of trade secret information and the disclosure of confidential information to third parties. [Doc. No. 43-1, Pl.'s Mot. at 7.] Plaintiffs argue that Defendant's claims are based on alleged misrepresentations in the stock sales agreement, but that Defendant's allegations reveal that the misconduct occurred after the closing date of the stock sales agreement. Plaintiffs imply that, therefore, knowledge of these actions cannot be imputed to Plaintiffs.

[Id. at 4, 9-11.] Plaintiffs also argue that the alleged misconduct occurring after the closing of the stock sale agreement is consistent with Defendant's claims in a Central District of California ("Central District") case that Defendant filed against the Key Employees and Caliber Aero. [Id. at 9.]

Defendant counters that "the misrepresentations were made in the Stock Purchase Agreement and during the negotiations, and the breaches arose from Plaintiffs [sic] failure to abide by the terms of the contract." [Doc. No. 49, Def.'s Opp. at 6.] "The actions by the 'Key Employees' are merely evidence of the falsity of the representations in the contract—they are not, as Plaintiffs erroneously contend, the misrepresentations themselves." [Id. at 8.] Defendant also contends that the Court may not rely on the pleadings in the Central District case. [Id. at 5, 11-12.]

"Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988). "Factual assertions in pleadings . . ., unless amended, are considered judicial admissions conclusively binding on the party who made them." Judicial admissions made at the district court are binding on the appellate court. In re Crystal Properties, Ltd., L.P., 268 F.3d 743, 753 (9th Cir. 2001). However, " judicial admission binds only in the litigation in which it is made." Higgins v. Mississippi, 217 F.3d 951, 955 (7th Cir. 2000) (citing Dugan v. EMS Helicopters, Inc., 915 F.2d 1428, 1432 (10th Cir. 1990) (per curiam); United States v. Raphelson, 802 F.2d 588, 592 (1st Cir. 1986)).[2]

Federal courts may use judicial estoppel to prevent litigants from taking

---

[2] Some circuits allow introduction of prior inconsistent pleadings at trial as substantive evidence under Federal Rule of Evidence 801(d)(2) or as an impeachment tool on cross examination under Rule 613. Dugan, 915 F.2d at 1432. These rules are inapplicable to the present motion.

1  inconsistent positions in different proceedings.[3]  <u>Hamilton v. State Farm Fire & Cas.</u>
2  <u>Co.</u>, 270 F.3d 778, 783 (9th Cir. 2001); <u>see</u> <u>also</u> <u>Rissetto v. Plumbers and</u>
3  <u>Steamfitters Local 343</u>, 94 F.3d 597, 600-01 (9th Cir. 1996).  The Ninth Circuit "has
4  restricted the application of judicial estoppel to cases where the court relied on, or
5  'accepted,' the party's previous inconsistent position."  <u>Hamilton</u>, 270 F.3d at 783.

6       Plaintiffs have not demonstrated whether the court in the Central District
7  proceeding has accepted or relied on Defendant's position in that case, which they
8  allege is contrary to its position in the present case.  Therefore, even if the Court
9  were to take judicial notice of the complaint in the Central District case,[4] the Court
10  may not use judicial estoppel to prevent Defendant from taking a purportedly
11  inconsistent position in the present case.  Accordingly, the Court declines to give
12  weight to Defendant's complaint in the Central District case.

13       Further, the Court must take Defendant's allegations in its FACC as true.
14  <u>Cahill</u>, 80 F.3d at 337-38.  Defendant's pleadings illustrate several instances of
15  misconduct that occurred before the closing date of the stock sale agreement.  For
16  example, Defendant alleges that "*before* Closing and the Rankine and Stanton Notes
17  became due," the Key Employees "engaged in fraudulent, unlawful, and wrongful
18  conduct by misappropriating, using, disclosing, and obtaining by improper means,
19  the company's trade secret information, including but not limited to its Intellectual
20  Property Assets . . . ."  [Doc. No. 42, <u>FACC</u> ¶ 38 (emphasis added).]  Defendant also
21  alleges that "*before* Closing and the Rankine and Stanton Notes became due," the
22  Key Employees "divulg[ed] the company's confidential and proprietary business
23  information to third persons without the company's consent."  [<u>Id.</u> ¶ 39 (emphasis

---

[3] Federal courts may also use judicial estoppel to bar litigants from taking inconsistent positions in the same litigation.  <u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778, 783 (9th Cir. 2001).

[4] Plaintiffs request that the Court take judicial notice of:  (1) Defendant's second amended complaint filed in the Central District of California, Case No. 12-cv-1442; and (2) the California Secretary of State "Business Entity Detail" for Caliber Aero.  [Doc. No. 43-2, <u>Request for Judicial Notice</u>.]  As the Court resolves this motion without reference to the above documents, the Court **DENIES AS MOOT** the request for judicial notice.

added).] Defendant alleges that Plaintiffs made material misrepresentations to Defendant in the Stock Purchase Agreement and during negotiations by not disclosing their knowledge of the aforementioned actions. [Id. ¶¶ 41, 70-75.]

Thus, Defendant has pleaded that the alleged misconduct occurred before the closing date of the trust, which the Court takes as true. Accordingly, the Court denies Plaintiffs' motion to dismiss on the grounds that they are innocent.

### B.     Defendant Contractually Barred from Making Claims of Set-Off

Plaintiffs' second argument in the motion to dismiss is that Defendant is contractually time barred from making claims of set-off, and that therefore, its claims are barred. [Doc. No. 43-1, Pl.'s Mot. at 4, 11-12.] Plaintiffs contend that on August 11, 2009, Defendant "agreed in writing that if it did not make a viable claim of offset by June 30, 2009, it was precluded from making a claim of offset 'of any kind or nature.'" [Id. at 4.] Plaintiffs cite the Court's ruling on the right to attach orders and writs of attachment in support of their argument. [Id. at 12.]

Defendant argues that the amendments to the promissory notes have no effect on the express indemnity provisions in the Stock Purchase Agreement, but only affect the right to set-off under Section 10.7. Accordingly, Defendant argues that it is not contractually time barred from making claims for contractual and equitable indemnity. [Doc. No. 49, Def.'s Opp. at 13.]

First, the Court's ruling on Plaintiffs' motion for two right to attach orders and writs of attachments has no bearing on the present motion to dismiss. See Cal. Civ. Proc. Code § 484.050 ("The determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decisions at the hearing on the application for the [writ of attachment] order."). Further, the standard on a motion to dismiss is different from that on a motion for a writ of attachment. See Cal. Code of Civ. Proc. § 484.090.

Second, on a motion to dismiss, the Court must take all of Defendant's allegations in its counterclaims as true and draw all reasonable inferences in

Defendant's favor. See Cahill, 80 F.3d at 337-38. Defendant alleges that the Rankine and Stanton Notes were amended in August 11, 2009 to eliminate a dispute between Plaintiffs and Defendant regarding Mexico income taxes. [Doc. No. 42, FACC ¶¶ 22, 27.] Defendant also alleges that "the amendment provides a limitation on the Mexico tax set-off." [Id.]

Plaintiffs contend that Exhibits C and E to the FACC, the Amendments to the Promissory Notes, are inconsistent with Defendant's allegations. [Doc. No. 52, Pl.'s Reply at 4.] However, because the Court must draw all reasonable inferences in favor of Defendant, the Court finds these documents are not obviously inconsistent with Defendant's interpretation of the Amendments.

Because the Court takes Defendant's allegations regarding the right to set-off as true and draws all reasonable inferences in favor of Defendant, the Court declines to dismiss Defendant's counterclaims on the grounds that Defendant is contractually barred from making any claims of set-off.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion to dismiss Defendant's counterclaims.

**IT IS SO ORDERED.**

**DATED:** May 9, 2013

**IRMA E. GONZALEZ**
**United States District Judge**