1  James G. Bohm (SBN 132430)
2  Annie Ventocilla (SBN 249719)
   Nathan P. Bettenhausen (SBN 272103)
3  **BOHM MATSEN, LLP**
4  695 Town Center Drive, Suite 700
   Costa Mesa, CA 92626
5  (714) 384-6500 telephone
6  (714) 384-6501 facsimile
7
   Attorneys for Defendant,
8  ROLLER BEARING COMPANY OF AMERICA, INC.
9
10                    UNITED STATES DISTRICT COURT
11                   SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE M. RANKINE, an individual; and LAWRENCE S. STANTON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ROLLER BEARING COMPANY OF AMERICA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:12-cv-02065-IEG-BLM <br><br> **DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Declaration of Annie Ventocilla, Esq. and [Proposed] Order filed concurrently herewith]* <br><br> Complaint filed: July 20, 2012 <br> Trial date: None set. |

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

1

**DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA**

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that at _____ a.m. on _____, 2013, on the 11th floor, before US Magistrate Judge Barbara L. Major, of the United States District Court Southern District of California located at 333 West Broadway, San Diego, CA 92101, San Diego, California, Defendant ROLLER BEARING COMPANY OF AMERICA, INC. ("RBC") will and hereby does move for an Order pursuant to Federal Rules of Civil Procedure 45 to quash Plaintiffs' Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action served on The Boeing Company ("Boeing") on or about July 2, 2013.

This motion is being made on the ground that the subpoena is overbroad and unduly burdensome on Boeing and Defendants. Moreover, Defendants move for an Order for sanctions against Plaintiffs' for the cost of bringing this motion.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Annie Ventocilla, and upon such other oral and documentary evidence as the court may consider at the time of the ruling on the application. This motion is made following the conferences of counsel pursuant to L.R. 26.1(a), which took place on June 26, 2013 and July 2, 2013.

Dated: July 3, 2013                           **BOHM MATSEN, LLP**


                                              By: __/s/ Annie Ventocilla__
                                                  James G. Bohm
                                                  Annie Ventocilla
                                                  Nathan P. Bettenhausen
                                                  Attorneys for Defendant
                                                  ROLLER BEARING COMPANY OF
                                                  AMERICA, INC.

2

DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Defendant RBC seeks an order quashing the subpoena to produce documents served on The Boeing Company ("Boeing") on or about June 13, 2013 – which was withdrawn and later reissued on July 2, 2013. Though Plaintiffs made minor modifications to the subpoena *only two days before the production date* in an attempt to avoid this motion, the subpoena remains overbroad and unduly burdensome.

RBC brings this motion pursuant to Federal Rule of Civil Procedure 45, on the grounds that the subpoena is unduly burdensome, overbroad and seeks privileged documents that are well beyond the scope of the claims in the operative Complaint and Counterclaims. See *Gonzales v. Google, Inc.* (N.D. Cal. 2006) 234 F.R.D. 674, 680; See also Federal Rule of Civil Procedure 26(b).

Plaintiffs' subpoena to Boeing is unduly burdensome and not reasonably calculated to lead to admissible evidence for the following reasons: (1) it is facially overbroad and seeks information between Boeing and all of RBC's subsidiaries, which are not parties to the instant case; (2) it seeks all licensing agreements between All Power and Boeing, without providing a specific time frame or any substantive limitations; and (3) it seeks all private and privileged documents regarding the business affairs of RBC and Boeing that are not at issue in this action.

Such a transparent attempt to go beyond the scope of permissible discovery in this action should not be tolerated. By the mere fact that the Plaintiffs initiated this lawsuit, they are not given free rein to seek confidential and privileged documents that are clearly not reasonably calculated to lead to the discovery of admissible evidence. Nowhere is this more clear than here when Plaintiffs' intrusive and overbroad discovery serves no legitimate discovery purpose. Alternatively, RBC requests that the Court issue an Order modifying Plaintiffs' subpoena by narrowing the scope of documents sought to only those documents relevant to this matter.

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

## II. STATEMENT OF PERTINENT FACTS

### A. Background Of The Case

Plaintiffs filed the instant action against RBC on July 20, 2012, alleging a breach of contract cause of action arising from RBC's purported breach of two promissory notes with Plaintiffs Rankine and Stanton, respectively.

On September 4, 2012, RBC filed Counterclaims against Plaintiffs for breach of written contracts, intentional misrepresentation, negligent misrepresentation, common law fraud in connection with the sale and purchase of securities, breach of the implied covenant of good faith and fair dealing, contractual indemnity, equitable indemnity, rescission of contract and declaratory relief. RBC's Counterclaims arose from Plaintiff's breach of several provisions pertaining to intellectual property assets in the Stock Purchase Agreement (the "Agreement") entered into between Defendant and Plaintiffs[1]. RBC alleged that former key employees of RBC and All Power Manufacturing Co. ("All Power") misappropriated confidential and proprietary trade secrets and intellectual property from All Power in and around the time of the Agreement. RBC alleged that the actions and knowledge of the key employees' misappropriation was imputed to Plaintiffs through the express provisions of the Agreement.

### B. Facts Pertinent To The Present Motion To Quash

On or about June 13, 2013, Plaintiffs' served a third-party, Boeing, with a Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of

---

[1] RBC's Counterclaims arise from the Agreement entered into between RBC and the Plaintiffs, on or about September 11, 2006, for the purchase of the issued and outstanding shares of capital stock of All Power. [Doc. 42] The Agreement includes a series of representations and warranties made by Plaintiffs to RBC regarding, among other things, the assets and liabilities of All Power. Section 10.2 of the Agreement expressly states that Plaintiffs indemnify and hold RBC harmless for any liabilities, damages or expenses arising from any breach of a representation or warranty made by Plaintiffs.

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

4

DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA

Premises in a Civil Action. Subsequently, Plaintiffs' reissued a slightly modified version of the Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action (the "Subpoena") to Boeing. [Ventocilla Decl., ¶2, Ex. A] Plaintiffs left the production date as July 5, 2013 and the parties agreed to hold all objections to the Subpoena as timely. The Subpoena includes an attachment seeking the production of documents falling into six categories.

Requests Numbers 1 through 6 in the Subpoena seek licensing documents between Boeing and "RBC", which the Subpoena defines as referring to "RBC Bearings Incorporated and includes its subsidiary companies Roller Bearing Company of America, Inc., RBC Aircraft Products, Inc., All Power Manufacturing Company, Heim Bearings Company, Southwest Products, Inc., and Transport Dynamics." Only Roller Bearing Company of America, Inc. is a party to the instant action. [Ventocilla Decl., ¶3] The other companies included in the Subpoena's definition are separate entities that are not parties to this suit.

Requests Numbers 1 and 2 request <u>all</u> licensing agreements between Boeing and All Power, but do not provide a timeframe from which these documents are sought. [Ventocilla Decl., Ex. A]

Hoping to resolve this issue between counsel, Defense counsel contacted Plaintiffs' counsel on June 26, 2013 and July 2, 2013, to request that the subpoena be withdrawn. [Ventocilla Decl., ¶4-6] Plaintiffs' counsel rejected the request. [Ventocilla Decl., ¶4-6]

### III. <u>THE COURT HAS DISCRETION TO QUASH A SUBPOENA TO A NON-PARTY PURSUANT TO FED. R. CIV. P. 45</u>

Contrary to Plaintiffs' apparent belief, they cannot go beyond the scope of permissible discovery in this action. As federal courts have repeatedly explained, the information sought by a subpoena must be "reasonably calculated to lead to admissible evidence." Fed. R. Civ. P. 26(b); *See Gonzales v. Google, Inc.* (N.D. Cal. 2006) 234 F.R.D. 674, 680 (applied to subpoenas). In order to enforce these

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

5

DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA

limitations on discovery, Fed. R. Civ. P. 45(c)(3)(A) provides the basis for a court to quash a subpoena. Rule 45 states:

> [o]n a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
> (i) fails to allow reasonable time for compliance;
> (ii) requires a person who is not a party…to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business…, or
> (iii) requires disclosures of privileged or other protected matter and no exception or waiver applies, or
> (iv) subjects a person to undue burden.

Under Rule 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co. v. Metropolitan Life Insur. Co.* (2005) 228 F.R.D. 111, 113. In particular, Rule 45 requires the court to consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon v. SCP Pool Corporation* (2005) 232 F.R.D. 633, 637. Fed. R. Civ. P. 26(b)(1)[2] and subsection 26(b)(2), "generally preclude discovery of information that is not probative of the issues in a case either directly or indirectly." *Davis v. Leal* (1999) 43 F.Supp.2d 1102, 1111. "Discovery that is not necessary or significant in an evidentiary sense, nor reasonably calculated to lead to significant evidence, is not permitted." *Ibid.*

Plaintiffs' Subpoena satisfies each of the factors the Court considers when determining the undue burden a subpoena imposes on a third party.

///
///

---

[2] Fed. R. Civ. P. 26(b)(1) permits discovery of information relevant to the subject matter of the lawsuit.

6

**DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA**

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

## IV. PLAINTIFFS' SUBPOENA MUST BE QUASHED BECAUSE IT IS UNDULY BURDENSOME

### A. The Subpoena's Requests Nos. 1 Through 6 Are Overbroad

Requests Nos. 1 through 6 are facially overbroad and unduly burdensome because they seek licensing documents between Boeing and *all* of RBC's subsidiaries - none of which are parties to this lawsuit.

As explained in *Moon v. SCP Pool Corporation* (C.D. Cal. 2005) 232 F.R.D. 633, 637, the relevance of the documents sought and the breadth of the document request, are factors the Court weighs when determining the burden of a subpoena. Notably, in quashing the subpoena in *Moon*, the district court found that the requests were overbroad on their face because they sought the production of all purchasing information even though the contract dispute was limited to a specific geographic region. *Id.* at 637-638. Moreover, in seeking "commercial information" between non-parties, Boeing and RBC's subsidiaries, Plaintiffs are clearly seeking documents outside of the bounds of fair discovery. Fed. R. Civ. P. 45(c)(3)(B) (ground to quash subpoena if it seek "commercial information" of non-parties); *See also Moon*, *supra*, at 638.

Further, discovery that is not necessary or significant in an evidentiary sense is not permitted. *Davis v. Leal* (1999) 43 F.Supp.2d 1102, 1111. In *Leal*, the court held that while the party subject to discovery could not artificially delimit what was pled in the complaint in order to avoid discovery, it was true that the parties subject to the discovery "could not ignore what they had pled in the complaint...and were generally limited in discovery to what is pled in the complaint." *Id* at 1112.

Here, Requests Nos. 1 through 6 seek all licensing agreements between Boeing and <u>seven</u> subsidiaries of RBC, of which only one is a party to this case. As such, any licensing agreements between Boeing and RBC's non-party subsidiaries are beyond the scope of the issues in this case and wholly irrelevant.

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

### B. Requests Nos. 1 Through 2 Clearly Seek The Production Of Irrelevant Documents By Not Providing An Applicable Time Frame

Here, Plaintiffs' Requests Nos. 1 through 2 are clearly overbroad because they fail to provide any time frame that limits the licensing agreements that must be produced by Boeing. Indeed, the Subpoena seeks "All licensing agreements between YOU and All Power Manufacturing Co. related to …" [Ventocilla Decl., Ex. A] None of these specify the time period from which such documents are sought. Given All Power and RBC have a long history of doing business with Boeing, which predates the sale of All Power to RBC at issue in this action, the Subpoena demands the production of documents beyond the scope of the relevant issues.

As such, Plaintiffs are seeking the disclosure of highly sensitive and confidential business records that have no bearing on this case. Such a non-tailored attempt to obtain sensitive business records—with a total disregard for the permissible scope of civil discovery—cannot serve a legitimate discovery purpose.

## V. PLAINTIFFS' SUBPOENA MUST BE QUASHED BECAUSE IT SEEKS PRIVILEGED AND CONFIDENTIAL DOCUMENTS

Highly private matters of non-parties, such as financial and business information, are ordinarily protected from discovery. Fed. R. Civ. P. 45(c)(3)(B) (ground to quash subpoena if it seek "commercial information" of non-parties); *See also Moon, supra,* at 638 ("a specific ground to quash a subpoena is that it seeks 'commercial information[]'"). Nonetheless, Requests Nos. 1 through 6 seek privileged documents pertaining to RBC and its subsidiaries, which violate the general limits of discovery.

### A. Plaintiffs' Subpoena Seeks the Disclosure of Confidential and Privileged Information

In *Davis v. Leal* (1999) 43 F.Supp.2d 1102, 1111, the Court stated that information and documents "which implicate private financial information are of the type that have been declared presumptively privileged." *Davis v. Leal* (1999) 43

8

DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

F.Supp.2d 1102, 1111; *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 657. The term financial privacy broadly encompasses "documents generated in one's business affairs, e.g., contracts, business records and the like that have not received widespread dissemination, or have not been publicly filed." *Ibid.*

Subpoena Requests Nos. 1 through 6 seek licensing agreements, correspondence and draft agreements (see Nos. 5 through 6) between Boeing and RBC, without any consideration for the financial privacy of Boeing, RBC, or its subsidiaries. The requests ignore the confidential business practices and records of RBC that are not at issue in this case. Further, each Request seeks documents generated in RBC's business affairs with Boeing, including correspondence and draft agreements that are protected by attorney client privilege and attorney work product. Such business records are beyond the scope of this action and privileged.

## VI. ALTERNATIVELY, RBC REQUESTS THE COURT MODIFY PLAINTIFFS' SUBPOENA

Should the Court find that Plaintiffs' Subpoena is within the permissible scope of discovery, RBC requests that the Court order Plaintiffs' Subpoena be modified as follows:

- Limit the scope of documents sought in Requests 1 through 6 to only those documents relating to the parties in this action, specifically Roller Bearing Company of America, Inc. and not its subsidiaries;
- Limit Requests Nos. 1 through 2 to only seek the production of documents within the relevant time in this action - the date of the Agreement, September 11, 2006, to the present;
- Limit Requests Nos. 1 through 6 to exclude any and all documents protected by attorney-client privilege and attorney-work product, such as draft agreements and related documents.

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

9

DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA

## VII. PLAINTIFFS ARE SUBJECT TO SANCTIONS FOR UNDULY BURDENING BOEING AND RBC

Fed. R. Civ. P. 45(c)(1) provides that a party responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. Rule 45(c)(1) provides the issuing court with the right to impose appropriate sanctions on a party who fails to comply with the limits on subpoenas.

Given that the Subpoena is facially overbroad, unduly burdensome and invades the confidential and privileged information of both Boeing and RBC's subsidiaries, RBC respectfully requests the Court sanction Plaintiffs in the amount of approximately $2,575.00, the reasonable attorney's fees RBC incurred in bringing this motion to quash. [Ventocilla Decl., ¶¶7-8]

## VIII. CONCLUSION

For the foregoing reasons, RBC respectfully requests that this Court grant its motion to quash Plaintiffs' subpoena to Boeing, or in the alternative, modify the subpoena.

Dated: July 3, 2013

BOHM MATSEN, LLP

By: /s/ Annie Ventocilla
James G. Bohm
Annie Ventocilla
Nathan P. Bettenhausen
Attorneys for Defendant
ROLLER BEARING COMPANY OF AMERICA, INC.

Bohm Matsen, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

10

DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On July 5, 2013, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **DEFENDANT ROLLER BEARING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR AN ORDER MODIFYING SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES**

SERVED UPON: **SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the Law Offices of Bohm Matsen, LLP., for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered to the addresses listed on the attached Service List by close of business on____ _____.

☒ (BY ELECTRONIC FILING WITH THE U.S. DISTRICT COURT) By submitting said documents for Electronic Case Filing on said date pursuant to Local Rule at Bohm Matsen, LLP.

☐ BY E-MAIL/ELECTRONIC TRANSMISSION) On_____, _____, at Costa Mesa, California, I served the above referenced document by electronic mail to the e-mail address of the Addressee(s) pursuant to Rule 2.260 of the California Rules of Court. The transmission was complete and without error and I did not receive, within reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on July 5, 2013, at Costa Mesa, California.

_____
Brittney Sanchez

1
PROOF OF SERVICE

Service List
**<u>Rankine v. Roller Bearing Company of America, Inc.</u>**
***United States District Court, Southern District of California***
***Case No. 3:12-CV-02065-IEG-BLM***

| | |
|---|---|
| Clayton Hix, Esq.<br>Neil Martin, Esq.<br>One California Plaza<br>300 South Grand Avenue, 37th Fl.<br>Los Angeles, CA 90071<br>Tel: 213.621.0820<br>Fax: 213.624.4840<br>chix@hillfarrer.com<br>www.hillfarrer.com | *Attorney for Plaintiff* |

PROOF OF SERVICE